```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION

EARL MILLOY,                       )
                                   )
               Plaintiff,          )
                                   )
     v.                            )   No. 08 C 7029
                                   )
WBBM-TV, CHICAGO, etc.,            )
                                   )
               Defendant.          )
```

<u>MEMORANDUM ORDER</u>

On March 11 counsel for CBS Broadcasting, Inc. (mistakenly sued in the name of its television station WBBM-TV, which is not a legal entity capable of being sued) tendered a motion for summary judgment in this Title VII action filed against it by its ex-employee Earl Milloy ("Milloy"). This Court inquired of Milloy's counsel as to any possible defense to that motion, in light of the fact that Milloy's Charge of Discrimination before the Illinois Department of Human Rights and EEOC had identified, as an asserted comparator for his claims of race and sex discrimination, only a subordinate CBS employee who did not meet the legal standard of a "similarly situated employee" established by the caselaw. Milloy's counsel responded by adverting to a "<u>Buckhalter</u>" case, and this Court requested counsel to submit citations to that and any other authorities on which he relied, continuing the motion to March 13.

Milloy's counsel has since been good enough to provide this Court not only with a copy of the opinion in <u>Buckhalter v. Pepsi-</u>

Cola Gen. Bottlers, Inc., 820 F.2d 892 (7th Cir. 1987) but also with copies of the Supreme Court opinions in (1) Univ. of Tenn. v. Elliott, 478 U.S. 788 (1986)(a case that had led to the vacature and remand of the Seventh Circuit's earlier decision in Buckhalter) and (2) Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501 U.S. 104 (1991) and a copy of the Seventh Circuit's unpublished order in Fore v. Bostik Findley, Inc., No. 04-3844, 149 Fed. App'x 513 (7th Cir. 2005). But none of those opinions speaks to the issue raised by this Court. All of them address instead the lack of preclusive effect to be given to an administrative agency's determinations about the presence or absence of employment discrimination when the case later becomes the subject of judicial proceedings. What this Court has raised is rather whether Milloy is to be limited in this case to the same scope of CBS's claimed discriminatory conduct that he identified in his Charge of Discrimination and in any further submissions he made at the administrative level.

At the continued hearing on March 13 this Court will of course grant Milloy the opportunity to file an appropriate response to the CBS summary judgment motion. It is expected that the response will speak to the issue posed by this Court and referred to here, in addition to providing whatever material Milloy has to demonstrate the existence of a genuine issue of

material fact that would preclude a grant of summary judgment.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 12, 2009